## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,     )
                                      )
            Plaintiff,           )
                                      )
-vs-                             )     Case No. CR-18-0048-1-F
                                      )
ALEXIS VIERA-GARCIA,        )
                                      )
            Defendant.      )

## ORDER

Defendant Alexis Viera-Garcia, proceeding *pro se*, has filed a motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines.[1]  Doc. no. 147.  Plaintiff United States of America has responded in opposition to the motion.  Doc. no. 150.  The matter is at issue.

On June 14, 2018, defendant pleaded guilty, pursuant to a plea agreement, to Count 3 of the Indictment charging him with distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1).  The Probation Office prepared a final presentence investigation report (doc. no. 82), which calculated defendant's base offense level at 36.  Defendant received a two-level enhancement under U.S.S.G.[2] § 2D1.1(b)(1) because he directed an armed codefendant to be a lookout during a purported drug transaction, a two-level enhancement under U.S.S.G.

---

[1] Because defendant is proceeding *pro se*, the court construes his filings liberally, but it does not act as his advocate.  Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

[2] United States Sentencing Guidelines.

§ 2D1.1(b)(5)(A) because he sold methamphetamine imported from Sinaloa, Mexico, a two-level enhancement under U.S.S.G. § 2D1.1(b)(12) because he maintained a premises for the purpose of distributing methamphetamine, and a two-level enhancement under U.S.S.G. § 3B1.1(c) because defendant was an organizer, leader, manager, or supervisor in a criminal activity, resulting in an adjusted offense level of 44. Applying a three-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility, defendant's total offense level was 41.

Based on his lack of criminal history, defendant was assessed a criminal history score of zero, establishing a criminal history category of I. With a total offense level of 41 and a criminal history category of I, defendant's guideline imprisonment range was 324 months to 405 months.

At sentencing, the court adopted the final presentence investigation report without change. The court then varied downward and sentenced defendant to a term of imprisonment of 140 months. Judgment was entered on March 29, 2019. Defendant did not file a direct appeal.

In his motion, defendant asks the court to adjust his sentence based upon Amendment 821 (Part B, Subpart 1) to the United States Sentencing Guidelines, effective November 1, 2023, given that he received zero criminal history points.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Congress has provided a few exceptions to this rule. One such exception is "the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In such a case the court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with applicable policy statements of the Sentencing Commission. *Id.*

2

The court follows a two-step process in considering defendant's § 3582(c)(2) motion. *See*, United States v. Battle, 706 F.3d 1313, 1317 (10th Cir. 2013). The court first determines whether defendant is eligible for a sentence reduction and the extent of the authorized reduction. If the reduction is authorized, the court may consider any applicable 18 U.S.C.§ 3553(a) factors and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*. (quotation marks and citation omitted).

Upon review of the parties' submissions and the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 (doc. no. 148), the court finds that defendant is not eligible for a sentence reduction under Amendment 821 (Part B, Subpart 1).

To be eligible for the two-level adjustment as a zero-point offender, defendant must meet ten criteria. *See*, U.S.S.G. § 4C1.1(a). One of those criteria is that "defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. [§] 848[.]" U.S.S.G. § 4C1.1(a)(10); *see also*, United States v. Read-Forbes, Criminal Action No. 12-20099-01-KHV, 2024 WL 382638, at *1 (D. Kan. Feb. 1, 2024) (Section 4C1.1(a)(10) "properly read to exclude any defendant who *either* had an aggravating role enhancement or engaged in [a] continuing criminal enterprise[.]") (citing United States v. Castaneda Mendez, Case No. 20-CR-20155-RAR, 2024 WL 216277, at *3 (S.D. Fla. Jan. 18, 2024)) (emphasis in original).

As previously stated, defendant received an aggravating role enhancement under U.S.S.G. § 3B1.1(c) for being an organizer, leader, manager, or supervisor in a criminal activity. Consequently, defendant does not meet all ten criteria and is not eligible for a sentence reduction under Amendment 821 (Part B, Subpart 1).

Additionally, Amendment 821 (Part B, Subpart 1) reduces defendant's guideline range by two offense levels, reducing defendant's total offense level from 41 to 39.  With an offense level of 39 and a criminal history category of I, defendant's amended guideline range would be 262 to 327 months' imprisonment.  However, under U.S.S.G. § 1B1.10(b)(2)(A), the court cannot reduce a defendant's term of imprisonment under § 3582(c)(2) to a term that is less than the minimum of the amended guideline range, unless defendant's term of imprisonment resulted from a government motion to reflect substantial assistance under U.S.S.G. § 1B1.10(b)(2)(B).  Defendant's term of imprisonment of 140 months is less than the minimum of the amended guideline range and defendant's term of imprisonment did not result from a government motion to reflect substantial assistance under U.S.S.G. § 1B1.10(b)(2)(B).  As such, defendant is not eligible for a reduction of sentence under Amendment 821 (Part B, Subpart1).

To the extent defendant moves for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), commonly referred to as compassionate release, the court also finds that defendant's motion should be dismissed.  Section 3582(c)(1)(A) has an exhaustion requirement which is "a mandatory claim-processing rule that the court must enforce when the government invokes it[.]"  United States v. Gieswein, No. 21-6056, 2021 WL 4852420, at *2 (10th Cir. Oct. 19, 2021) (unpublished decision quoted as persuasive pursuant to 10th Cir. R. 32.1(A)).  In its response, the government has invoked the exhaustion requirement, and defendant has not demonstrated that he has complied with the exhaustion requirement prior to filing his motion.

Accordingly, for the above-stated reasons, defendant Alexis Viera-Garcia's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 of the United States Sentencing Guidelines (doc. no. 147) is **DISMISSED**.  To

the extent defendant moves for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), defendant's motion is also **DISMISSED**.

IT IS SO ORDERED this 27th day of March, 2024.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

18-0048p023 (Viera-Garcia).docx